# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ian Curran, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| National Credit Adjusters, LLC; and | : |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Ian Curran, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt

Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal

privacy by the Defendants in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.     Plaintiff, Ian Curran ("Plaintiff"), is an adult individual residing in Rockland, MA

and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, National Credit Adjusters, LLC, (hereafter "National Credit"), is a Kansas limited liability company with its principal office located at 327 W. 4th Hutchinson, Kansas, 67501, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by National Credit and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      National Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation (the "Disputed Debt") in 2004 to a creditor (the "Creditor").

9.      The Plaintiff paid the Creditor in full for the Disputed Debt.

10.      The Disputed Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.      Thereafter, the Disputed Debt was purchased, assigned or transferred to National Credit for collection, or National Credit was employed by a creditor to collect the Disputed Debt.

12.      The Defendants then made numerous attempts to collect the Disputed Debt from the Plaintiff, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

**B.  National Credit Engages in Harassment and Abusive Tactics**

13.     The Defendants are attempting to collect the Disputed Debt from the Plaintiff even though the Plaintiff paid the balance in full.

14.     The Plaintiff informed the Defendants that he disputes the Disputed Debt on the grounds that he has paid it in full.

15.     The Plaintiff did not receive a written notification from the Defendants advising him of his rights under state and federal laws, including his right to dispute the Disputed Debt.

16.     The Defendants threatened to injure the Plaintiff's credit score.

17.     National Credit's collectors were rude and abusive to the Plaintiff.  One collector, David Lassiter ("Mr. Lassiter"), was particularly rude and stated that he was noting that the Plaintiff refused to pay the Disputed Debt when the Plaintiff requested verification of the Debt.

18.     The Plaintiff requested that he speak with Mr. Lassiter's supervisor, however, the supervisor, a "Paul" who refused to give his last name, was also rude and abusive.

19.     The Defendants added unauthorized fees to the Disputed Debt.

20.     The Defendants recorded telephone calls between themselves and the Plaintiff without obtaining the Plaintiff's permission, in violation of Massachusetts law.

**C.  The Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger anxiety, emotional distress, fear frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

24.     The Plaintiff incorporates by reference all of the allegations set forth above as though fully stated herein.

25.     The Defendants used abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

26.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

27.     The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

28.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

29.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

30.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

31.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

32.     The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

33.     The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c.93A § 2, *et seq.*

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants employed unfair or deceptive acts to collect the Disputed Debt, in violation of M.G.L. c. 93A § 2.

38.     The Defendants failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11, and, as such, the Plaintiff is entitled to double or treble damages plus attorney's fees.

## COUNT III

### COMMON LAW FRAUD

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

41.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.  All acts of the Defendants and Collectors complained of herein were committed with malice, intent, wantonness and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT IV

## VIOLATION OF MASSACHUSETTS GEN. LAW. 272 § 99Q FOR INTERCEPTION OF WIRE AND ORAL COMMUNICATIONS

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     The conversations between the Plaintiff and the Defendants meet the definition of "oral communication" as defined by M.G.L.A. 272 § 99(B)(1).

44.     The Defendants unauthorized recording of communications between themselves and the Plaintiff meet the definition of "interception" under M.G.L.A. 272 § 99(B)(4).

45.     The Plaintiff's rights have been violated under M.G.L.A. 272 § 99(Q), and as such, the Plaintiff is entitled to damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants awarding him:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless,

and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Actual damages but not less than liquidated damages computed at the rate of $100 per day for each day of violation or $1000, whichever is higher, pursuant to M.G.L.A. 272 § 99(Q)(1);

4.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L.A. 272 § 99(Q)(3);

5.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93 § 3A;

6.  Actual damages for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and invasions of privacy in an amount to be determined at trial.

7.  Punitive damages; and

8.  Such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 27, 2010

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
*Attorney for Plaintiff*